```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

MICHAEL J. RILEY, SR.          *          CIVIL ACTION

VERSUS                         *          NO: 05-2500

LOUISIANA STATE BAR            *          SECTION: "D"(5)
ASSOCIATION, ET AL
```

## ORDER AND REASONS

Before the court is the **"Motion to Dismiss Plaintiff's Complaint"** filed by Defendant, the Louisiana State Bar Association. Plaintiff, Michael J. Riley, Sr., filed a memorandum in opposition. The motion, set for hearing on Wednesday, May 24, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of the parties, the record, and the applicable law, the court finds that the motion should be granted.

In this matter, Plaintiff sues the Louisiana State Bar Association (LSBA) in a "Complaint for Declaratory Judgment, Injunctive Relief and Damages." Plaintiff claims that he was denied readmission to the Louisiana State Bar in violation of his civil rights and the due process and equal protection clauses of the Fourteenth Amendment. He further claims that "[t]he denial of civil rights is an infliction of irreparable harm to which [he] is

entitled to injunctive relief." (Complaint at ¶XXXXV.(*sic*)). In addition to seeking monetary damages, Plaintiff prays for "[a]dmission to the Louisiana State Bar Association." The LSBA now moves for dismissal based on Eleventh Amendment immunity and lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[1]

**1.  Eleventh Amendment Immunity**

Under the Eleventh Amendment to the United States Constitution, a state cannot be sued in federal court unless the state consents. Louisiana has expressly refused to waive its Eleventh Amendment immunity from suit in federal court. *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). The question here is whether the LSBA is entitled to Eleventh Amendment immunity.

In *Lewis v. Louisiana State Bar Association*, 792 F.2d 493 (5th Cir. 1986), a state bar examinee who failed three times to pass the Louisiana state bar examination was not allowed to challenge his third failing grade[2] and he was not allowed to sit for the bar examination for the fourth time.[3] He sued the LSBA claiming that

---

[1] Plaintiff also sued the Louisiana Attorney Disciplinary Board. The Board earlier filed its own Motion to Dismiss (based on Eleventh Amendment immunity and the *Rooker-Feldman* Doctrine) and the court granted that motion. (*See* Record, Doc. No. 11).

[2] A policy of the Committee on Bar Admissions called for the destruction of bar exam papers immediately after grading, thus depriving examinees of an opportunity to contest a failing grade. *Lewis*, 792 F.2d at 495.

[3] In 1984, when Lewis failed his third bar exam, section 10 of Article XIV of the Bar Association's Articles of Incorporation prohibited a bar applicant from taking the bar exam more than three times. *Lewis*, 792 F.2d

2

his due process rights were violated and he sought both declaratory relief and monetary damages.

As noted in footnote 3, in 1985, the three-time-limitation rule was amended in favor of a policy permitting unlimited re-examination. *Lewis*, 792 F.2d at 495. Following this amendment, the LSBA moved to dismiss, and the district court granted the motion finding that the 1985 amendment mooted Lewis' claims.

On appeal, Lewis challenged the dismissal on two grounds: (1) he maintained that his claim for an injunction remained live because without some measure of declaratory relief, the Bar Association would likely repeal the 1985 amendment and re-enact the three-time-limitation ruled; and (2) the 1985 amendment did not moot his claim for damages he sustained during the time the three-time-limitation rule was in effect. *Id*. at 496.

The Fifth Circuit found that there was no basis for Lewis' fears that the 1985 amendment was a temporary measure, designed only to avoid the consequences of the lawsuit, and it affirmed the district court's finding that Lewis' claim for declaratory relief was rendered moot. *Id*.

With regard to Lewis' argument that the 1985 amendment mooted Lewis' claim for damages, the Fifth Circuit explained that under the eleventh amendment, it lacked jurisdiction "to entertain a suit

---

at 495. However, this provision was amended in 1985 to provide for an unlimited right of re-examination. *Id*.

3

for punitive or compensatory damages against an individual[4] when the state was the real party in interest and the relief would operate against the sovereign by expending itself on state coffers." *Id*. at 497.

The court reasoned:

> When exercising its sovereign rule-making authority, a state supreme court occupies the same position as that of the legislature...In a suit challenging a rule of the supreme court, the supreme court is the real party in interest if it has the ultimate authority to adopt and enforce the rule in question...In such an instance, moreover, a state bar association, whose role is "completely defined by the court," "acts as the agent of the court" and occupies the position of a "public official" or "public agency."

*Lewis*, 792 F.2d at 497.

Thus, the Fifth Circuit concluded that the district court lacked jurisdiction under the eleventh amendment to entertain a suit against the Bar Association for damages and that that claim was, therefore, properly dismissed by the district court. *Id*. at 498.

In *LeClerc v. Webb*, 419 F.3d 405 (5th Cir. 2005), nonimmigrant

---

[4]   The Fifth Circuit noted that:

> Although there is ample authority to the effect that the Bar Association is an *agency* of the supreme court, ... we believe that the Bar Association is more appropriately analogized to an individual *agent* of the court...More accurately, the Bar Association is a corporate entity which, in matters relating to its exercise of delegated sovereign powers, is entitled to invoke the eleventh amendment.

*Id*. at 497, n. 4.

aliens who had graduated from foreign law schools filed a §1983 suit against the Louisiana Supreme Court and the Chairman and Vice-Chairman of the Louisiana Committee on Bar Admission in their official capacities, challenging Louisiana Supreme Court Rule XVII, §3(B), which rendered them ineligible to sit for the Louisiana Bar. Plaintiffs challenged the enforcement of Section 3(B) and sought declaratory and injunctive relief and attorneys' fees. *Id*. at 411.

Plaintiff moved for summary judgment and the Defendants countered with a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim based, *inter alia*, on standing, ripeness, Eleventh Amendment, judicial and legislative immunity, and abstention grounds. *Id*. at 411. The Fifth Circuit rejected the Defendants' immunity defenses and found them to be amenable to suit. The court reasoned:

> When acting in its **enforcement capacity**, the Louisiana Supreme Court, and its members, are not immune from suits for **declaratory or injunctive relief**... Thus, to the extent that the plaintiffs seek **declaratory and injunctive relief** against the *enforcement* of Section 3(B) only, the court and its individual members are subject the instant suits.

*Id*. at 414 (emphasis added).

Here, while Plaintiff does not sue the Louisiana Supreme Court, he does sue the LSBA which is an agent of the court. *Lewis*, 792 F.2d at 497. Therefore, the court concludes, that to the extent Plaintiff is seeking **declaratory or injunctive relief** against the LSBA in its **enforcement capacity**, the LSBA does not

have Eleventh Amendment immunity.  *LeClerc*, 419 F.3d at 414.  A fair reading of Plaintiff's Complaint reveals that the only declaratory/injunctive relief he seeks is "[a]dmission to the Louisiana State Bar Association."  (Complaint, Prayer).  However, to the extent that Plaintiff seeks damages from the LSBA, the LSBA is entitled to Eleventh Amendment immunity.  *Lewis*, 792 F.2d at 497-98.

As the court next discusses, while Plaintiff's claim for declaratory/injunctive relief survives dismissal based on Eleventh Amendment immunity, none of Plaintiffs' claims can survive dismissal based on the *Rooker-Feldman* doctrine.

**2.   The *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.  *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994), *citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Constitutional questions arising in state proceedings are to be resolved by the state courts.  *Liedtke*, 18 F.3d at 317.  Any alleged constitutional error in the state court judgement is to be reviewed and corrected by the appropriate state appellate

court.  *Id*.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.  *Id*.

The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack[] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]."  *Id.*, *quoting Kimball v. Florida Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980).

Here, the Louisiana Supreme Court denied Plaintiff readmission to the Louisiana State Bar on November 19, 2004, stating:

> The petition for readmission to the bar is denied.  Petitioner may not apply for readmission until restitution has been made, but in no event until after one year has passed from the date of judgment.  Supreme Court Rule XIX, Section 24(I).

*In re Michael J. Riley, Sr.*, 887 So.2d 459 (La. 2004).

Plaintiff challenged this denial by taking a writ to the United States Supreme Court, which denied the writ on May 31, 2005.  *Michael J. Riley, Sr. v. Supreme Court of Louisiana*, 125 S.Ct. 2530 (2005).  Thus, Plaintiff's recourse at the federal level is over.

Nevertheless, Plaintiff filed this federal suit against the the Bar Association (and the Disciplinary Board), collaterally attacking the Louisiana Supreme Court ruling that denied his

7

application for readmission to the Louisiana State Bar.  However, under the *Rooker-Feldman* doctrine, Plaintiff cannot bring his claims (even those cast as civil rights claims) against the LSBA because they are "inextricably intertwined" with the ruling of the Louisiana Supreme Court.  *Liedtke*, 18 F.3d at 317-318.

## Conclusion

The Eleventh Amendment shields the LSBA from Plaintiff's claim for monetary damages, but it does not shield the LSBA from Plaintiff's claim for declaratory/injunctive relief (i.e., admission to the Louisiana Bar Association).[5]  However, under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over all of Plaintiff's claims against the LSBA because such claims are collateral attacks on the Louisiana Supreme Court ruling denying Plaintiff readmission to the Louisiana State Bar.  Accordingly;

**IT IS ORDERED** that the **"Motion to Dismiss Plaintiff's Complaint"** filed by Defendant, the Louisiana State Bar Association, be and is hereby **GRANTED**, dismissing all of Plaintiff's claims against the LSBA.

---

[5]  When the court previously granted the Motion to Dismiss filed by the Louisiana Attorney Disciplinary Board, the court found, in part, that the Eleventh Amendment bars Plaintiff's claims against the Board.  However, to the extent that the Plaintiff is seeking declaratory/injunctive relief from the Board in its **enforcement capacity**, the Board is not entitled to Eleventh Amendment immunity.  Nevertheless, like the LSBA, the Board is entitled to Eleventh Amendment immunity on Plaintiff's claims for monetary damages, and it is also entitled to dismissal of all of Plaintiff's claims based on the *Rooker-Feldman* doctrine.

New Orleans, Louisiana, this **22nd** day of **May**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE